UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID E. HUESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:10CV390-PS/RBC |
| | ) |
| DARRYL HEIMLICK, Grant County | ) |
| Sheriff, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Plaintiff David Hueston, a prisoner confined in the Grant County Jail, filed this action pursuant to 42 U.S.C. § 1983 alleging that jail officials violated his federally protected rights. The defendants are Grant County Sheriff Darryl Heimlick, Captain Randy Albertson, Lieutenant Cathy Lee, and Corporal Bryan Kirkpatrick.

Pursuant to 28 U.S.C. §1915A, I must review the merits of prisoner complaints and dismiss them it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. I apply the same standard under §1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). In the context of a motion to dismiss for failure to state a claim, the United States Supreme Court has stated that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead the Court held that the factual allegations in the

complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. In doing so, I must look at the plausibility of the complaint. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and simple common sense. *Id.* I am mindful, however, that *pro se* pleadings are to be liberally construed. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007).

In his complaint, Hueston alleges that the Defendants "have restricted and denied Petitioner's access to the courts, my freedom of speech, and censored my legal documents, refusing services that in turn cause me to not be able to access the courts." (DE 1 at 3). He alleges that the jail has a policy that, because he has an attorney representing him in his criminal case, "for no reason am I allowed to use the law library" (DE 1 at 4) (emphasis in original), even for his *civil* matters with which his criminal attorney is not assisting him. According to Hueston, in addition to the criminal charges against him, he has other cases "in (3) three different courts" (*id.*), and that the Defendants have precluded him from doing anything on these cases while he was at the jail, causing him injury. Cpl. Kirkpatrick reportedly refused to notarize legal mail for him and told him in writing "the courts do not want any legal mail from inmates, that's what attorneys are for." (DE 1 at 8).

Hueston brings this action under 42 U.S.C. §1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under §1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every

§1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

Hueston alleges that the Defendants' conduct violated rights protected by the First, Sixth, and Eighth Amendments, and the Fourteenth Amendment's due process and equal protection clauses. (DE 1 at 3). When addressing claims brought under §1983, analysis begins by identifying the specific constitutional right allegedly infringed by defendants. *Graham v. Conner*, 490 U.S. 386, 394, (1989).

The Sixth Amendment is not implicated here because it deals with the rights of accused in criminal prosecutions and, according to the complaint, Hueston is represented by counsel in his criminal case. The Eighth Amendment is not implicated here because it protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The Plaintiff is a pretrial detainee (DE 1 at 1), and his claims do not deal with conditions of confinement. The Plaintiff states no equal protection claim because the equal protection clause directs that all persons similarly situated should be treated alike. *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Hueston does not allege that he is being treated worse than similarly situated inmates. Rather, he alleges that the jail has an official policy that treats all similarly situated inmates alike by denying all of them access to legal materials.

But Hueston's claims do implicate the First Amendment. *Snyder v. Nolen*, 380 F.3d 279, 290 (7th Cir. 2004) (the right of access to the courts is an aspect of the First Amendment right to petition the government for redress of grievances).[1] The First Amendment right to petition the

---

[1] At least one Grant County Jail official appears to have taken the position that the courts "do not want any legal mail [directly] from inmates" (DE 1 at 8), to justify preventing the Plaintiff from sending materials to courts. But the courts are required to accept *pro se* prisoner filings because the First Amendment guarantees that all persons, including prisoners without counsel, may petition the government for redress of grievances.

government includes the right to file civil actions in court that have a reasonable basis in law or fact. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *McDonald v. Smith*, 472 U.S. 479, 484 (1985) ("[F]iling a complaint in court is a form of petitioning activity; but baseless litigation is not immunized by the First Amendment right to petition.") (internal quotation marks and citations omitted). The right to pursue legal redress for claims that have a reasonable basis in law or fact is also protected by the Fourteenth Amendment's guarantee of substantive due process. *Snyder v. Nolen*, 380 F.3d at 291.

To establish a violation of the right to access to the courts, an inmate must establish that jail officials failed to provide the assistance required by *Bounds v. Smith,* and show that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds v. Smith* did not eliminate the actual-injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts). The actual-injury requirement applies even in cases "involving substantial systematic deprivation of access to court," including the "total denial of access to a library," or "an *absolute* deprivation of access to all legal materials" *Lewis v. Casey*, 518 U.S. at 353 n. 4 (emphasis in original). Standing alone, delay and inconvenience do not rise to the level of a constitutional deficiency. *Campbell v. Miller*, 787 F.2d 217, 229 (7th Cir. 1986), *cert. denied*, 479 U.S. 1019 (1986).

Hueston alleges that he sought access to legal materials in order to deal with matters other than his pending criminal case. Because *Bounds* held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law," 430 U.S. at 828, it is well established that state

4

officials need not provide a prisoner with access to legal materials in a case where he is represented by an attorney. *Martin v. Tyson*, 845 F2d 1451, 1456 (7th Cir. 1988) (finding no constitutional violation where jail officials denied a prisoner access to legal materials in his criminal case but he was represented by counsel on his criminal charges).

Accordingly, if Hueston sought access to legal materials in his criminal case, Grant County Jail officials would have been justified in denying him such access. But that a prisoner may be represented by counsel in one matter does not mean that jail officials may deny him access to legal materials in other matters in which he is not represented by counsel — which is the claim Hueston presents here. Accordingly, giving Hueston the benefit of the inferences to which he is entitled at the pleadings stage, he has stated a claim for denial of access to the courts for which relief can be granted. Based on allegations relating to that claim, Hueston has also filed an "Affidavit for Injunctive Action or Court Order" (DE 6) which I construe as a motion seeking preliminary injunctive relief. Defendants will be directed to file a response to that motion along with their pleading or motion filed in response to the complaint.

For the foregoing reasons, the court:

(1) **GRANTS** the Plaintiff leave to proceed against defendant Darryl Heimlick in his official capacity for damages and injunctive relief, and against defendants Randy Albertson, Cathy Lee, and Bryan Kirkpatrick, in their individual capacities for damages, on his First and Fourteenth Amendment due process claims that the Defendants have denied him access to the courts;

(2) **DISMISSES**, pursuant to 28 U.S.C. §1915A(b)(1), all other claims;

(3) Pursuant to 42 U.S.C. §1997e(g)(2), **ORDERS** the Defendants to respond to the complaint as provided for in the Federal Rules of Civil Procedure and also to promptly file a response to what the court has construed as plaintiff's motion for injunctive action or court order (DE 6); and

(4) **DIRECTS** the marshals service to effect service of process on the Defendants, and **DIRECTS** the clerk's office to ensure that a copy of this order, the complaint, and the complete court file is served on them along with the summons.

**SO ORDERED**.

ENTERED: January 14, 2011

    /s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court