UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAVID E. HUESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:10-CV-390 PS |
| | ) | |
| DARRYL HEIMLICK, Grant County | ) | |
| Sheriff, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) on

the question of whether the Plaintiff's injunctive relief claims are now moot. David Hueston filed

the complaint in this case while he was a prisoner confined in the Grant County Jail. The court

screened the complaint pursuant to 28 U.S.C. § 1915A, and granted Hueston leave to proceed

against Defendant Darryl Heimlick in his official capacity for damages and injunctive relief, and

against Defendants Randy Albertson, Cathy Lee, and Bryan Kirkpatrick in their individual

capacities for damages, on his First and Fourteenth Amendment due process claims that they

have denied him access to the courts. The court also directed the Defendants to file a response to

what the court has construed as the Plaintiff's motion for injunctive action or court order (DE 6).

The Plaintiff has submitted a notice of change of address from the Grant County Jail to

745 W. 10th Street, Marion, Indiana (DE 12). Subsequently, mail sent by this Court to Hueston at

the Grant County Jail was returned as undeliverable because he is "no longer an inmate at the

Grant County Jail" (DE 13). These docket entries establish that the Plaintiff has been released

from custody and that he now resides elsewhere in Marion, Indiana.  Pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii) a court must *sua sponte* dismiss an claim in a case filed *in forma pauperis* at

any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The Plaintiff seeks injunctive relief as well as damages. But his injunctive relief claim is now moot because he is no longer housed at the Grant County Jail. If a prisoner is released or transferred to another prison, "his request for injunctive relief against officials of the first prison is moot unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). It is possible that Hueston could at some point in the future return to the Grant County Jail, but the mere possibility that this might occur is insufficient. The standard is whether he is "likely to be retransferred," and there is no reasonable basis to believe that Hueston is likely to return to the Grant County Jail. If he does return to the jail and is subjected to the same conditions he complains of in his complaint, he may seek leave of Court to renew his claim for injunctive relief.

For the foregoing reasons, and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the court DISMISSES the Plaintiff's claims for injunctive relief as moot; DENIES the Plaintiff's motion for injunctive relief (DE 6) as moot; and RELIEVES the Defendants from the requirement that they respond to the Plaintiff's motion for injunctive relief.

**SO ORDERED**.

ENTERED: February 4, 2011

 /s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court